# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT WINCHESTER

| | |
|---|---|
| MACHAEL CAMERON, | ) |
|     *Plaintiff*, | ) Case No. 4:25-cv-42 |
| | ) |
| v. | ) Judge Travis R. McDonough |
| | ) |
| VICKY AFISOV, *et al.*, | ) Magistrate Judge Christopher H. Steger |
| | ) |
|     *Defendants*. | ) |

## MEMORANDUM OPINION

Plaintiff, an inmate in the Lincoln County Jail, filed two pro se complaints for violation of 42 U.S.C. § 1983 (Docs. 6, 10), a motion for leave to proceed *in forma pauperis* (Doc. 1), letters to the Court regarding events during his confinement (Docs. 2, 5), a motion seeking appointment of counsel (Doc. 8), and a notice (Doc. 9). On August 27, 2025, the Court entered an order that: (1) notified Plaintiff that he had not paid the filing fee or submitted a form he must file for the Court to grant him leave to proceed *in forma pauperis*; (2) directed the Clerk to send Plaintiff the relevant form; (3) provided Plaintiff thirty days to return the required document; and (4) warned Plaintiff that failure to timely comply would result in the Court presuming he is not a pauper, assessing him with the full amount of fees, and ordering the case dismissed for want of prosecution (Doc. 11, at 1–2). Plaintiff has not complied with this order or otherwise communicated with the Court, and his time for doing so has passed. Thus, for the reasons set forth below, the Court will assess Plaintiff with the full filing fee and dismiss this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

Rule 41(b) gives this Court the authority to dismiss a case "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *see also Rogers v. City of Warren*, 302 F. App'x 371, 375 n.4 (6th Cir. 2008) ("Although Rule 41(b) does not expressly provide for a sua sponte dismissal (the rule actually provides for dismissal on defendant's motion), it is well-settled that the district court can enter a sue sponte order of dismissal under Rule 41(b)" (citing *Link v. Wabash R.R.*, 370 U.S. 626, 630 (1962))). The Court examines four factors when considering dismissal under this Rule:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005).

As to the first factor, the Court finds that Plaintiff's failure to timely comply with the Court's order was due to Plaintiff's willfulness or fault. Specifically, it appears that Plaintiff received the Court's previous order but chose not to comply therewith. As to the second factor, the Court finds that Plaintiff's failure to comply with the Court's order has not prejudiced Defendants. As to the third factor, as set forth above, the Court warned Plaintiff that failure to timely comply with its previous order would result in this action being dismissed (Doc. 11, at 2). Finally, as to the fourth factor, the Court finds that alternative sanctions are not warranted, as Plaintiff failed to comply with the Court's clear instructions, and it does not appear that he seeks to prosecute this action. On balance, the Court finds that these factors support dismissal of this action under Rule 41(b).

The Court also notes that, "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe,* 951 F.2d 108, 109 (6th Cir. 1991). Nothing

about Plaintiff's pro se status prevented him from complying with the Court's order or seeking an extension of time to do so, and Plaintiff's pro se status does not mitigate the balancing of factors under Rule 41(b).

Accordingly, Plaintiff will be **ASSESSED** the filing fee of $405, and this action will be **DISMISSED**. The Clerk will be **DIRECTED** to provide a copy of this memorandum opinion and the accompanying order to the custodian of inmate accounts at Plaintiff's facility and the Court's financial deputy. The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**